IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MARK GILBERT RIMBERT, individually and as Personal Representative of the Estates of GILBERT JOHN RIMBERT, and OLIVIA ACOSTA RIMBERT, deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  CIV-06-0874 JB LFG<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ELI LILLY AND COMPANY'S MOTION FOR
SUMMARY JUDGMENT BASED ON LACK OF ADMISSIBLE EXPERT
TESTIMONY ON GENERAL, SPECIFIC AND PROXIMATE CAUSATION**

  Pursuant to Fed. R. Civ. P. 56, defendant Eli Lilly and Company ("Lilly") moves that the Court enter summary judgment in its favor and against plaintiff on the ground that plaintiff has no admissible expert testimony on the essential elements of general causation, specific causation and proximate causation.  Contemporaneously with this motion, Lilly has filed a Motion to Exclude Expert Testimony of Dr. Grace Jackson, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert* motion").  The *Daubert* motion seeks to exclude Dr. Jackson's proposed opinions on causation and proximate causation because,  among other things, Dr. Jackson is not qualified, she does not have scientifically reliable bases for her opinions, and she has not reliably applied her methodology to the facts of this case.  Dr. Jackson is the only expert witness endorsed by plaintiff.  Should the Court grant Lilly's *Daubert* motion as to any one of Dr. Jackson's causation opinions, plaintiff's claims will fail as a matter of law

2866261v1

because, in the absence of expert testimony, plaintiff will not be able to prove general causation, specific causation or proximate causation.

It is well-settled that a plaintiff in a toxic tort case bears the burden of proof of both general and specific causation and that a plaintiff cannot prevail on the issue of medical causation without expert testimony directly supporting the conclusion. *See, e.g. Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 881 (10th Cir. 2005); *Farris v. Intel Corp.*, 493 F.Supp.2d 1174, 1182 (D.N.M. 2007). It is also clear that plaintiff has the burden of proving proximate causation, and his failure to do so entitles Lilly to judgment as a matter of law. *Alberts v. Schultz*, 126 N.M. 807, 816, 975 P.2d 1279, 1288 (1999); *Buchanan v. Downing*, 174 N.M. 423, 394 P.2d 269 (1964).

Causation and proximate causation are essential elements of plaintiff's case, on which he bears the burden of proof. In the event this Court grants Lilly's *Daubert* motion and excludes any one of Dr. Jackson's general, specific or proximate causation opinions, Lilly is entitled to summary judgment as a matter of law.

2866261v1

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:   /S/ Tom Outler

P.O. Box 1888
Albuquerque, NM 87103-1888
Tel:   505-765-5900
Fax:   505-768-7395

SHOOK, HARDY & BACON LLP
Andrew See
Julia Walker
2555 Grand Boulevard
Kansas City, MO 64108
Tel:   816-474-6550
Fax:   816-421-5547

*Attorneys for Defendant Eli Lilly and Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I electronically filed the foregoing pleading through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:   /S/ Tom Outler

2866261v1