IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK GILBERT RIMBERT, individually,
and as Personal Representative of the Estates
of GILBERT JOHN RIMBERT, and
OLIVIA ACOSTA RIMBERT, deceased,

    Plaintiff,

vs.                                                                                                                                  No. CIV 06-0874 JB/LFG

ELI LILLY AND COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Eli Lilly and Company's Motion for Leave to File Post-Hearing Memorandum in Support of its Motion for Summary Judgment on All Claims, filed June 3, 2008 (Doc. 100). The primary issue is whether the Court should allow Defendant Eli Lilly and Company to file a post-hearing brief after the briefing was completed on its motion for summary judgment, after the Court held an extensive oral argument, and after the Court made tentative oral rulings on certain aspects of the pending motion. Because whether the Supreme Court of New Mexico would adopt the learned-intermediary doctrine is a central issue in Eli Lilly's motion, because Eli Lilly's proposed memorandum specifically addresses issues which the Court and the parties discussed at the May 2008 hearing, and because the arguments and briefing of the parties' experienced and seasoned counsel have, to date, been extremely helpful to the Court, the Court will grant the motion.

## PROCEDURAL BACKGROUND

Eli Lilly filed its Motion for Summary Judgment on All Claims on March 19, 2008. See

Doc. 55. Eli Lilly sought summary judgment on Plaintiff Mark Rimbert's claims, in part, pursuant to the learned-intermediary doctrine. See Doc. 56 at 19-34. Rimbert offered no resistance to Eli Lilly's desire to exceed the briefing limits. See Doc. 87. Rimbert acquiesced to, and the Court granted, Eli Lilly's leave to exceed the briefing limits established by D.N.M. LR-Civ. 7.7 for both its motion and for its reply. See Docs. 97 and 98.

To that end, and in support of its motion for summary judgment, Eli Lilly filed a forty-four page brief (Doc. 56), fourteen exhibits consisting of 188 pages of additional evidence/information (Doc. 56), and, on May 12, 2008, a thirty-page reply brief with an additional eleven-page exhibit (Doc. 88). In total, Eli Lilly offered two-hundred and sixty-seven pages. On April 17, 2008, Rimbert filed a response in opposition. See Doc. 74.

In addition, the Court offered the parties oral argument. On May 16, 2008, the Court heard oral argument, lasting more than five hours, on, among other things, Eli Lilly's motion for summary judgment. See Transcript of Hearing (taken May 16, 2008)("Tr.").[1] The court heard extensive oral argument during the hearing on the matters that Eli Lilly seeks to further brief. During the hearing on Eli Lilly's motion, the Court and Mark Rimbert raised several issues relating to the learned-intermediary doctrine that the parties' briefing on Eli Lilly's motion had not specifically addressed.

The Court made comments from the bench that indicated that Eli Lilly's considerable and voluminous arguments had not been persuasive on certain aspects of the motion for summary judgment. See Tr. at 76:19-23 (Court); Response in Opposition to Lilly's Motion for Leave to File Post-Hearing Memorandum in Support of Its Motion for Summary Judgment on All Claims, filed

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

June 10, 2008 (Doc. 101)("Response").  In the face of these comments, Eli Lilly wants an additional bite at the apple.  See Response at 2.  Specifically, given the significance of the learned-intermediary doctrine to the Court's consideration of Eli Lilly's motion, Eli Lilly seeks leave to file a post-hearing memorandum to respond to questions and comments regarding the recognition and application of the learned-intermediary doctrine under New Mexico law.  See Motion at 1-2.

In particular, Eli Lilly seeks to submit a post-hearing memorandum addressing the following questions: (i) whether controlling legal authority and analytical standards support an Erie prediction that the Supreme Court of New Mexico would not continue to recognize the learned-intermediary doctrine as articulated by the New Mexico Court of Appeals, and whether Rimbert has provided convincing evidence to support any such prediction; (ii) whether the learned-intermediary doctrine is consistent with the principles in Section 402A of the Restatement (Second) of Torts; (iii) whether the Court should consider the testimony of the prescribing physician, Dr. Barry Hochstadt, on the issue of proximate cause, and whether Rimbert has provided support for the "objective physician" standard that he urges the Court to adapt; (iv) whether New Mexico state courts have favorably cited the Restatement (Third) of Torts, which recognizes the substance of the learned-intermediary doctrine; (v) whether an Erie prediction that New Mexico courts would no longer recognize the learned-intermediary doctrine should apply only prospectively; and (vi) whether, even if Eli Lilly had a duty to warn the patient directly, Rimbert has provided sufficient evidence that Eli Lilly owed any duty to provide the warning Rimbert advocates or that such warning would have prevented the homicide-suicide in this case.  See Motion at 2.  Accordingly, to allow full consideration of the issues concerning New Mexico's recognition and application of the learned-intermediary doctrine, Eli Lilly requests leave to file the post-hearing memorandum it attaches to its motion as Exhibit A.

See Motion at 1. Eli Lilly moves the Court, pursuant to rule 7 of the Federal Rules of Civil Procedure, for leave to file the Post-Hearing Memorandum in Support of its Motion for Summary Judgment on All Claims. See id.

Rimbert's counsel opposes Eli Lilly's motion and argues that the Court should deny it. See Response at 2.

## LOCAL RULES

Local rule 7 establishes an orderly procedure for briefing motions as well as the resolution of contentious issues short of trial. See D.N.M. LR-Civ. 7 (governing motion practice). After a party files a motion, the opposing party may respond, and the moving party may reply. The Court may then schedule oral argument. See N.M. LR Civ. 7.8 ("A motion will be decided on the briefs unless the Court sets oral argument."). Should the Court grant oral argument, additional opportunity is available to counsel to present evidence and argument to the Court.

The policy considerations supporting local rule 7 are substantial. The rules instruct counsel what documents may be filed and implicitly tell counsel what documents may not be filed without the Court's permission. They provide abundant opportunity for each side to present evidence and argument or a matter before the Court. The Court, however, may also choose to waive local rules. See Martinez-Jones v. Dulce Indep. Sch., No. CIV 07-0703 JB/WDS., 2008 WL 2229472 at *7 (D.N.M. March 5, 2008)(considering a pro se plaintiff's motion on the merits, despite his failure to comply with local rule 7); Wiatt v. State Farm Ins. Companies, No. CIV 07-526 JB/KBM, 2007 WL 5231239 at *8 (D.N.M. August 6, 2007)(waiving the attorney's violation of Administrative Order 92-88 and permitting the attorney, who was not a yet member of the Federal Bar, to appear before the Court).

The United States Court of Appeals for the Tenth Circuit has approved the District of New Mexico Local Rules.[2]  According to the Tenth Circuit, the Court's local rules have the force of law. See Smith v. Ford Motor Co., 626 F.2d 784, 796 (10th Cir. 1980)(quoting Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d 888, 890 (10th Cir. 1964)). "[L]ocal rules of practice, as adopted by the district court, 'have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in [an] appropriate manner.'" Smith v. Ford Motor Co., 626 F.2d at 796 (quoting Woods Constr. Co. v. Atlas Chem. Indus., Inc., 337 F.2d at 890). "[A]lthough district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules." Hernandez v. George, 793 F.2d 264, 267 (10th Cir. 1986).

## ANALYSIS

Eli Lilly has had ample opportunity to make its case.  The Court has allowed extensive briefing and extensive oral argument.  That there have been extensive discourse and debate already, however, does necessarily decide whether the Court should allow further argument.

Orderly procedure requires that all counsel play by the same rules.  The local rules set those rules for the briefing in this case.  But there is nothing in the local rules that specifically precludes a post-hearing brief or a party asking to submit additional briefing.

Rimbert contends that there is no precedent and/or need to allow additional briefing under the facts of this case.  The rules do not expressly provide for the briefing, and the Court did not order

---

[2] See Minutes of the Judicial Counsel of the Tenth Circuit, issued August 24, 2006 (stating that, "[o]n August 24, 2006, The Judicial Counsel Rules Committee approved proposed changes to the Local Civil Rules for the United States District Court of the District of New Mexico (D.N.M.LR.-Civ. 73.1) in their entirety as submitted on August 14, 2006. The effective date of the new rules remains April 10, 2006.") (signed Victoria M. Parks, Deputy Circuit Executive).

or request the additional briefing at the hearing. Nevertheless, the Court cannot say that Eli Lilly's motion is improper. The local rules can be waived and expressly provide for, with the Court's permission, the filing of surreplies. See D.N.M. LR-Civ. 7.6(b)("The filing of a surreply requires leave of the Court.").

There are sound reasons why the Court should not provide Eli Lilly with an additional opportunity to argue after the oral argument and after the Court gave tentative rulings. Allowing this additional brief invites unending briefing and argument. At some point, the Court must, in respect for opposing counsel and for its own resources, say it has had enough briefing.

Eli Lilly seeks post-oral argument because of comments that the Court made in a vigorous oral argument. While the local rules do not expressly contemplate or provide for such briefing, and such briefing can at times be inconsistent with judicial economy, the Court cannot say that all such briefing in every case would not be helpful. A per se rule barring additional briefing would not be helpful to all parties, would not do justice in all cases, and would not help the Court in all situations to reach the best decision it possibly can.

In the end, the Court must decide what is best for the parties and the Court in this case. While the Court has already done a considerable amount of work on its opinion and order, and while the Court does not look forward to reviewing and dealing with more briefing, and reviewing and changing its opinion and order, justice counsels that the Court be exposed to all possible arguments in opposition to its preliminary rulings. Accordingly, the Court will allow Eli Lilly to file its post-hearing memorandum.

Finally, the Court does not believe that its decision is unfair. The Court stated at the hearing that it was inclined to find that the Supreme Court of New Mexico would not adopt the learned-

intermediary doctrine. Thus, Eli Lilly is the party that faces a loss, and its additional briefing helps the Court be certain of its decision before making a final ruling. Furthermore, if Rimbert believes that the post-hearing briefing gives Eli Lilly an unfair advantage, he is free to seek leave to file a response addressing the issues that Eli Lilly discusses in its brief.

Accordingly, the Court will not deny Eli Lilly's motion. Eli Lilly may file its brief. The Court will consider it in connection with its ruling on the motion for summary judgment on all claims.

**IT IS ORDERED** that Defendant Eli Lilly and Company's Motion for Leave to File Post-Hearing Memorandum in Support of its Motion for Summary Judgment on All Claims is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

S. Rafe Foreman
Foreman Lewis & Hutchison
Grapevine, Texas

-- and --

Arnold Anderson (Andy) Vickery
Vickery, Waldner & Mallia, LLP
Houston, Texas

*Attorneys for the Plaintiff*

Thomas A. Outler
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

-- and --

Andrew See
Katherine M. Hihath
John F. Kuckelman
Shook, Hardy & Bacon, LLP
Kansas City, Missouri

>*Attorneys for the Defendant*