IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| MARK GILBERT RIMBERT, individually and as Personal Representative of the Estates of GILBERT JOHN RIMBERT, and OLIVIA ACOSTA RIMBERT, deceased, Plaintiff, vs. ELI LILLY AND COMPANY, Defendant. | § § § § § § § § § § § | CASE #1:06-cv-00874-JB-LFG |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Supreme Court of the United States has resolved the preemption issue in this case. *Wyeth v. Levine*, 555 U.S. ___, __ S.Ct. ___, 2009 WL 529172 (March 4, 2009). There, on a record which is, frankly, far better for the pharmaceutical company's preemption defense than the one in the case at bar,[1] the Supreme Court squarely and resoundingly rejected the notion that state law "failure to warn" claims are preempted by the FDA's regulation or pharmaceutical products or labels.

However, if there is any doubt whatsoever as to whether this ruling applies to antidepressant suicide cases, on Monday, March 9, 2009, the Supreme Court granted certiorari in the *Colacicco* case, vacated the Third Circuit's opinion, and remanded "for further consideration in light of *Wyeth v. Levine*."[2] In light of these developments from the High Court, there is no reason to reconsider

---

[1] In *Levine,* Wyeth argued that it had actually proposed a stronger warning about the dangers of IV-push administration of its drug, and that the FDA had "considered and rejected" the additional warning. *See* Dissenting Op. at 2 n.1 (Exhibit A). In this case, by contrast, there is no evidence that any antidepressant manufacturer ever proposed a stronger warning about adult suicidality or hostility until the FDA began to require one in the Spring of 2004.

[2] *Colacicco v. Apotex, Inc.*, __S.Ct. ___, 2009 WL 578682, 77 USLA 3229 (March 9, 2009), vacating 521 F.3d 253 (3rd Cir. 2008). *Colacicco* is the only Court of Appeals decision in which claims regarding antidepressant induced suicidality have been held to be preempted.

Judge Browning's prophetic opinion. Lilly's motion for reconsideration should be denied and this case should be reset for trial as soon as possible.

Respectfully submitted,

VICKERY, WALDNER & MALLIA, LLP

*/s/ Arnold Anderson (Andy) Vickery*
Arnold Anderson (Andy) Vickery
Texas Bar No. 20571800
One Riverway Drive, Suite 1150
Houston, TX 77056-1920
Telephone: 713-526-1100
Facsimile: 713-523-5939

Earl Landers Vickery
Texas Bar No. 20571900
3007 Dancy
Austin, TX 78722
Telephone: 512-435-6666
Facsimile: 512-435-6669

S. Rafe Foreman
FOREMAN, LEWIS & HUTCHISON
New Mexico Bar No. 4161
611 S. Main Street, Suite 700
Grapevine, TX 76051
Telephone: 817-336-5533
Facsimile: 817-336-9005

Certificate of Service

I certify that on this 11th day of March, 2009, Plaintiff's Notice of Supplemental Authority has been electronically filed with the Clerk using the CM/ECF system, which will automatically send email notifications of such filing to the following attorneys of record:

>Andrew See, Esq.
>SHOOK, HARDY & BACON, LLP
>2555 Grand Blvd.
>Kansas City, MO 64108

-3-

Thomas A. Outler, Esq.
RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
P. O. Box 1888
Albuquerque, NM  87103-1888

                                                  */s/ Arnold Anderson (Andy) Vickery*
                                                  Arnold Anderson (Andy) Vickery